IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

HAILEY DAVIS,

        Plaintiff,

v.

JUDY KIM,

        Defendant.

Case No. 26-CV-00013-SEH-SH

## OPINION AND ORDER

Before the Court is Plaintiff's Complaint. [ECF No. 1]. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. [ECF No. 2]. In reliance upon the representations and information set forth in Plaintiff's motion to proceed *in forma pauperis*, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). Because Plaintiff's request to proceed *in forma pauperis* is granted, the Complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because Plaintiff fails to state a claim upon which relief may be granted, this case is dismissed without prejudice.

## I. Discussion

28 U.S.C. § 1915(e)(2) allows a district court to dismiss a case if:

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The standard

for dismissals under § 1915(e)(2)(B)(ii) is the same as dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Aside from the case caption, the entirety of Plaintiff's complaint consists of the following:



[ECF No. 1 at 1].

Plaintiff's Complaint contains only conclusory allegations and it is devoid of any factual allegations that would support a claim upon which relief may be granted. The Court also finds that amendment would be futile. The Court, therefore, dismisses this case without prejudice under 28 U.S.C. § 1915(e).

## II. Conclusion

For the reasons stated above, Plaintiff's motion to proceed *in forma pauperis*, [ECF No. 2], is GRANTED.

However, Plaintiff's Complaint fails to state a claim upon which relief may be granted and amendment would be futile. This case is, therefore, DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e). A separate judgment will be filed contemporaneously.

DATED this 12th day of January, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE